IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | C.A. NO.  7:20-cv-00063 |
| ANGELA PAWLIK AND CANDACE GOLDEN WRIGHT AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF STEPHEN PAWLIK, | | |
| Defendants. | | |

## COMPLAINT FOR INTERPLEADER

Plaintiff Primerica Life Insurance Company ("Primerica") files this Complaint for Interpleader, and states:

## PARTIES

1. **Plaintiff.** Primerica is a Tennessee corporation with its principal place of business in Duluth, Georgia. Primerica is a citizen of Tennessee and Georgia within the meaning of 28 U.S.C. § 1332(c).

2. **Defendant Angela Pawlik.** Defendant and claimant Angela Pawlik ("Angela") is an individual and citizen of Texas, and currently resides at 1705 E. Crescent Drive, Odessa, Texas 79761.

3. **Defendant Candace Golden Wright as Independent Administrator of the Estate of Stephen Pawlik.** Defendant and claimant Candace Golden Wright ("Candace") is the Independent Administrator of the Estate of Stephen Pawlik (the

"Estate"), is an individual and citizen of Texas, and currently resides at 1646 Doe Lane, Odessa, Texas 79762.

## JURISDICTION AND VENUE

4. **Jurisdiction.** This Court has jurisdiction under 28 U.S.C. § 1332, as there is complete diversity between Primerica, on the one hand, and Angela and Candace (collectively, the "Defendants"), on the other hand, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. **Venue.** Venue is proper in this Court under 28 U.S.C. § 1391 as at least one of the Defendants resides in this district and all Defendants reside in this state.

## OPERATIVE FACTS

6. **The Policy.** Primerica issued its policy no. 0467154362 (the "Policy") to Angela, under which she was provided life insurance coverage. The Policy contained a Spouse Term Insurance Rider (the "Spouse Rider") under which Angela's then-husband, Stephen Pawlik ("Stephen"), was initially provided life insurance coverage in the amount of $500,000.00. Pursuant to the terms of the Spouse Rider, Angela was the primary beneficiary under the Spouse Rider.

7. **The Policy Change Application.** On April 17, 2008, Angela completed a Policy Change Application which, among other things, consolidated Stephen's life insurance coverage from another Primerica policy into the Spouse Rider.

8. **The Policy is Reissued.** Based on the April 17, 2008 Policy Change Application, Primerica reissued the Policy, which now provided Stephen life insurance

coverage in the amount of $1,000,000.00 under the Spouse Rider (the "Spouse Rider Proceeds").

9. **The Divorce.** Although Primerica did not learn about it until after Stephen died, on October 27, 2014, Angela and Stephen were divorced. Section 9.301 of the Texas Family Code provides that:

> (a) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:
>
>> (1) the decree designates the insured's former spouse as the beneficiary;
>>
>> (2) the insured re-designates the former spouse as the beneficiary after rendition of the decree; or
>>
>> (3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.
>
> (b) If a designation is not effective under Subsection (a), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

10. **The Final Decree of Divorce.** The Final Decree of Divorce between Angela and Stephen does not specifically identify the Policy or Spouse Rider, but does state that Stephen is awarded as his sole and separate property "any and all policies of life insurance (including cash values) insuring the life of [Stephen]."

11. **Stephen Attempts to Convert the Spouse Rider.** During April 2016, Stephen applied to convert the Spouse Rider to a separate insurance policy. However, Primerica advised him that it could not process the conversion unless Angela, as the Policy's owner, agreed to delete the Spouse Rider. Primerica never received an application signed by Angela agreeing to delete the Spouse Rider.

12. **Angela Designates Herself as the Beneficiary of the Spouse Rider.** On May 3, 2016, Angela completed a Multipurpose Change Form where, among other things, she re-designated her as the primary beneficiary under the Spouse Rider.

13. **Stephen's Death.** Stephen died on January 10, 2020.

14. **Primerica's Possible Double or Multiple Liability.** By letter dated February 20, 2020, the Estate's counsel advised Primerica of its contention that Angela was disqualified from receiving the Spouse Rider Proceeds and claimed them on behalf of the Estate. On March 3, 2020, Angela advised Primerica that she was claiming the Spouse Rider Proceeds as the designated beneficiary. Primerica seeks resolution of conflicting claims in good faith. Primerica is or may be exposed to double or multiple liability. Primerica has no interest whatsoever in the Spouse Rider Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party. Accordingly, Primerica has no independent liability to any of the Defendants and is a disinterested stakeholder in this case.

15. **Retention of Counsel.** As a result of the present controversy, Primerica had to retain the undersigned counsel and has agreed to pay attorneys' fees and costs of Court.

## CLAIMS FOR RELIEF

16. **Interpleader.** Primerica has a good faith doubt as to whom the Spouse Rider Proceeds are owed. Primerica admits its obligation to pay the Spouse Rider Proceeds, but cannot pay those Spouse Rider Proceeds in the face of competing claims without subjecting itself to double or multiple liability. Primerica is a disinterested stakeholder with respect to the Spouse Rider Proceeds and claims no beneficial interest therein, except for attorneys' fees and costs incurred in connection with this interpleader. Furthermore, Primerica has no independent liability to any claimant in this interpleader. Primerica shall, upon the granting of its interpleader, pay into the Registry of the Court the Spouse Rider Proceeds, together with any legal interest due thereon through the date of the interpleader.

17. **Attorneys' Fees.** Primerica is entitled to its reasonable and necessary attorneys' fees and costs in connection with its claim for interpleader.

## PRAYER

18. **Relief Requested.** Primerica respectfully requests the following relief:

   a. That Defendants be served with process and be required to answer in the time and manner prescribed by law;

   b. That the Court grant the interpleader and accept the Spouse Rider Proceeds into its Registry;

   c. That each of the Defendants be ordered to interplead and settle among themselves their rights and claims for the Spouse Rider Proceeds;

   d. That upon final hearing, the Defendants, for themselves, their heirs, legal representatives, successors, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States Court against Primerica and its agents and

representatives with respect to the Spouse Rider and Spouse Rider Proceeds;

e. That Primerica be awarded its reasonable attorneys' fees and costs of Court in connection with this interpleader;

f. That Primerica, its agents and representatives be fully and finally discharged from further liability to the Defendants; and

g. That the Court grant Primerica all such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By:   */s/ Bill E. Davidoff*
      Bill E. Davidoff
      State Bar No. 00790565
      bill.davidoff@figdav.com
      Attorney-in-Charge

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202-3796
Tel: 214.939.2000
Fax: 214.939.2090

ATTORNEYS FOR PLAINTIFF
PRIMERICA LIFE INSURANCE COMPANY